## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

BARBARA M. LEE,

      Petitioner,

v.                                                      Case No.  4:20-cv-329-MW-MJF

E. STRONG, WARDEN,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Petitioner's failure to comply with a court order. For the reasons set forth below, the undersigned recommends that this action be dismissed without prejudice for failure to comply with two court orders and failure to prosecute.[1]

### I. BACKGROUND

Petitioner, a federal prisoner proceeding *pro se*, commenced this action by filing a handwritten petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). On June 29, 2019, the undersigned ordered Petitioner to file her petition on the form approved for use in the United States District Court for the Northern District of Florida.

_____

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

(Doc. 3 (citing N.D. Fla. Loc. R. 5.7(A)). The undersigned directed the clerk of the court to send to Petitioner a copy of the court-approved form to aid Petitioner in complying with the undersigned's order. The undersigned provided Petitioner until July 29, 2020, to comply with the court's order and warned Petitioner that her failure to comply with the order likely would result in dismissal. (*Id.*). Petitioner did not submit her petition on the court-approved form.

Accordingly, the undersigned directed Petitioner to explain why she failed to comply with the court's order to submit her petition on the court-approved form. (Doc. 5). The undersigned again warned Petitioner that her failure to comply with the court's order likely would result in dismissal. The undersigned imposed a deadline of August 27, 2020, for Petitioner to comply.

Petitioner responded to the undersigned's order. In response to the court's order, Petitioner explained that she did not receive the court-approved form. (Doc. 7 at 1). She also stated that, "at this time," she did not have access to the prison's library where court forms are kept. (*Id.*). Petitioner did not explain why she did not simply request a copy of the form from the clerk of the court. She also failed to explain why she did not seek an extension of time to comply with the court's order before the deadline expired. Indeed, Petitioner clearly knew how to seek such relief insofar as she requested this relief in her response to this court's order to show cause.

Nevertheless, Petitioner stated that she would comply with the court's order once she had the court-approved form. (*Id.*). Accordingly, the undersigned directed the clerk of the court to provide Petitioner a copy of the court-approved petition form. (Doc. 8). The undersigned provided Petitioner until September 15, 2020 to submit her petition on the court-approved form. (*Id.*).

Petitioner requested an extension of time (Doc. 12), and the undersigned extended the deadline to comply to November 4, 2020. (Doc. 13). As of the date of this report and recommendation, Petitioner still has not complied with the undersigned's orders to amend her petition.

## II. DISCUSSION

The undersigned recommends that Petitioner's petition be dismissed in light of her failure to comply with the court's orders and failure to prosecute.

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Prop., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute

it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1)  The duration of Petitioner's failure to comply.** On June 29, 2020, the undersigned directed Petitioner to file her section 2241 petition on the court-approved form. The undersigned imposed a deadline of July 29, 2020, to comply. Thus, Petitioner has failed to comply with that order since July 29, 2020.

**(2)  Petitioner's failure to comply with two court orders.** The Petitioner has failed to comply with two court orders:

      a.    the order issued on June 29, 2020; and

      b.    the order issued on October 20, 2020.

**(3)   Petitioner received notice that failure to act likely would result in dismissal.** The undersigned warned Petitioner that a failure to comply with the respective order likely would result in dismissal. (Doc. 3, Doc. 8). Despite these warnings, Petitioner has not complied with the undersigned's orders.

**(4)   Petitioner likely will not suffer substantial prejudice from the dismissal.** Because the undersigned is recommending dismissal without prejudice, Petitioner could refile her claim should she choose to pursue it in the future. Thus, dismissal without prejudice likely would not result in substantial prejudice to her.

**(5)   The proper balance between alleviating court calendar congestion and protecting Petitioner's right to due process and a fair chance to be heard.** The Petitioner has been afforded an opportunity to be heard and has received due process consistent with the primary stage of her civil action. The court's need to ensure that court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted, outweighs any due process right that Petitioner may have in this case remaining pending and inactive.

**(6)   The public policy favoring disposition of cases on their merits.** The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's

need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(7)    The fact that any lesser sanction would be inefficacious.** Based on Petitioner's prior conduct, it is likely that Petitioner would ignore future orders directing her to comply. For example, on August 31, 2020, Petitioner responded to the court's show cause order and stated that she would comply if the correct form was sent to her. (Doc. 7). Based upon Petitioner's response, the undersigned directed the clerk of the court to send Petitioner the correct form. (Doc. 8). The undersigned also granted two extensions of time to comply with the court's order. (*Id.*; Doc. 13). Despite Petitioner's assertion that she would comply if she was provided the form, Petitioner has failed to comply with the court's order.

Because Petitioner is currently incarcerated, a finding of contempt is unlikely to motivate Petitioner to comply. Accordingly, dismissal without prejudice is an appropriate sanction to address the important objectives and interest of justice discussed above.

## III.    CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.    This action be **DISMISSED** without prejudice for Petitioner's failure to comply with two court orders and failure to prosecute.

2.    The clerk of the court be directed to close the case file.

At Panama City Beach, Florida, this 4th day of December, 2020.


/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**